UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DaVONTA HORDE,<br><br>Plaintiff,<br><br>v.<br><br>M. VENTORES,<br><br>Defendant. | CAUSE NO. 3:20-CV-949-RLM-MGG |

OPINION AND ORDER

DaVonta Horde, a prisoner without a lawyer, filed a complaint alleging that a fellow inmate attacked him on July 23, 2020, at the Miami Correctional Facility. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Horde alleges he was housed in a segregated housing unit where only two inmates were permitted out of their cells at the same time. He was out for 30 minutes to shower, then went to another inmate's cell to talk when he was attacked from behind. He alleges that Officer Ventores was in the "officers' bubble" and the only guard on duty. Mr. Horde alleges that it's possible for a guard to have seen the attack

from that location, but he doesn't allege that she saw the attack – only that she didn't respond. Mr. Horde says he retreated to his cell and used the intercom to contact Officer Ventores, but he doesn't allege she heard the intercom and knew he needed assistance – only that she still didn't respond. "Then, [ten minutes later] another offender went and got the attention of Ofc. Ventores telling her what had happened." ECF 2 at 2. As a result, Officer Ventores called additional guards and Mr. Horde was sent to medical. Based on the facts alleged, it appears she responded promptly as soon as she became aware of the attack and the need for medical treatment.

The complaint alleges Warden Hyatte is liable because he supervises Officer Ventores and is responsible for what happens at the prison. There is no general supervisory liability under 42 U.S.C. § 1983. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d at 596. Therefore, the complaint doesn't state a claim against Warden Hyatte and he will be dismissed.

Under the Eighth Amendment, correctional officials (such as Officer Ventores) have a constitutional duty to protect inmates (such as Mr. Horde) from violence. Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398

F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010).

Mr. Horde's complaint alleges facts showing Officer Ventores was in a location where she could have seen the attack had she been watching, but it doesn't allege any facts showing she actually saw the attack. So too, the complaint alleges Mr. Horde tried to contact her on the intercom, but does not allege facts showing she heard the call. Moreover, the factual allegation that she promptly responded when another inmate got her attention and told her what had happened provides facts showing she wasn't attentive during the attack and did not know what was happening. Because the complaint doesn't plausibly allege she had actual knowledge of the attack before the other inmate told her about it, this complaint doesn't state a claim against Officer Ventores. Neither does it plausibly allege she consciously refused to protect Mr. Horde.

Moreover, the complaint doesn't explain how events would have been different even if Officer Ventores had immediately called for help when the attack first happened or when Mr. Horde first used the intercom. The complaint alleges that Mr. Hordes ran to his cell after he was stabbed, closed the door, and pressed the intercom button. The complaint doesn't allege facts showing Officer Ventores could have intervened to stop the stabbing even if she had been watching. But even if she could have, that wouldn't state a claim for which relief could be granted, either.

> [C]orrectional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety: "A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir.2007); *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir.2002).

Shields v. Dart, 664 F.3d 178, 181 (7th Cir. 2011).

> The officers plausibly could have removed Giles from the situation even faster and thereby reduced or prevented his injuries, but the "mere failure of the prison official to choose the best course of action does not amount to a constitutional violation." *Guzman*, 495 F.3d at 857 (internal quotation marks omitted) (*quoting Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)).

Giles v. Tobeck, 895 F.3d 510, 514 (7th Cir. 2018). Additionally, though medical assistance was delayed for ten minutes, the complaint doesn't plausibly allege facts showing this brief delay caused Mr. Hordes any additional injury.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

not shown—the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mr. Horde may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. If he files an amended complaint, he needs to explain how Officer Ventores violated his constitutional rights even though she promptly responded by calling guards and summoning medical assistance when she first became aware of the attack after another inmate told her what had happened.

For these reasons, the court:

(1) DISMISSES defendant Hyatte;

(2) GRANTS DaVonta Horde until **October 5, 2021**, to file an amended complaint against Officer Ventores; and

(3) CAUTIONS DaVonta Horde if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 1, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT