UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DaVONTA HORDE,

    Plaintiff,

    v.                                   CAUSE NO. 3:20-CV-949-RLM-MGG

HYATTE and M. VENTORES,

    Defendants.

OPINION AND ORDER

    DaVonta Horde, a prisoner without a lawyer, filed a complaint that didn't state a claim on which relief could be granted ECF 2. The court granted him leave to file an amended complaint if he believed he could state a claim. ECF 11. He has now filed an amended complaint. ECF 13. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

    Mr. Horde alleges that a fellow inmate attacked him on July 23, 2020, at the Miami Correctional Facility, where he was held in disciplinary restrictive housing. The amended complaint omits several details, but it is plausible to infer he is still alleging he was out of his cell for 30 minutes to shower. After he showered, he went

to another inmate's cell to talk when he was attacked from behind. He alleges this happened because Officer Ventores was "Not Paying Attention" was improperly trained, did not perform rounds as required, did not properly rotate with other guards, and allowed more than one cell out for showers at a time.

Under the Eighth Amendment, correctional officials (such as Officer Ventores) have a constitutional duty to protect inmates (such as Mr. Horde) from violence. Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." Id. Therefore, a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010).

Mr. Horde's amended complaint merely alleges Officer Ventores should have known the housing unit posed a risk of violence, was negligent, and didn't follow policy. This isn't enough to state a claim. "Prison and jail officials are not required to guarantee the detainee's safety." Smith v. Sangamon Cty. Sheriff's Dep't, 715 F.3d 188, 191 (7th Cir. 2013) (quotation mark, brackets and ellipsis omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence doesn't state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). Moreover, 42

2

U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state statutes, administrative regulations or prison rules. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) and Sobitan v. Glud, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.").

Mr. Horde alleges Warden Hyatte didn't follow policy, but for the same reasons, this allegation doesn't state a claim upon which relief can be granted. He alleges Warden Hyatte didn't properly train Officer Ventores. "[I]n the Eighth Amendment context, such claims may only be maintained against a municipality." Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) *citing* Farmer v. Brennan, 511 U.S. 825, 841 (1994). Warden Hyatte isn't a municipality in either his individual or official capacity. Mr. Horde also alleges Warden Hyatte didn't properly supervise Officer Ventores, but there is no general supervisor liability under 42 U.S.C. § 1983. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted.

SO ORDERED on September 27, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

3